**SHUMEI DONG, Petitioner,**

v.

**Eric H. HOLDER, Jr.\*, Attorney General, Respondent.**

**No. 08–3523–ag.**

United States Court of Appeals, Second Circuit.

Feb. 23, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as Respondent.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Anthony P. Nicastro, Senior Litigation Counsel, Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Shumei Dong, a native and citizen of the People's Republic of China, seeks review of a June 26, 2008 order of the BIA, affirming the September 19, 2007 decision of Immigration Judge ("IJ") Philip L. Morace, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shumei Dong,* No. A99 683 391 (B.I.A. June 26, 2008), *aff'g* No. A99 683 391 (Immig. Ct. N.Y. City Sept. 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey,* 529 F.3d 141, 146 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We find that substantial evidence supports the IJ's adverse credibility determination. The IJ did not err in basing his finding in part on Dong's omission of her alleged forced abortion from her original asylum application. *See Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111–12 (2d Cir. 2005) (omission of alleged forced sterilization from asylum application proper basis for adverse credibility finding). While Dong argues that she adequately explained the omission in a supplement to her original asylum application—that her attorney said she did not need to mention it because her husband's sterilization was enough to warrant asylum—the IJ did not err in rejecting this explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005); *Xu Duan Dong,* 406 F.3d at 111 (finding that eventual mention of forced sterilization in a supplement to petitioner's asylum application was insufficient to overcome substantial omission).

The IJ also properly relied on Dong's inconsistent testimony regarding the number of daughters she had when she allegedly had her forced abortion. While Dong initially testified that the doctor performing the abortion told her to stop struggling and "think of your two daughters," when the IJ told Dong that her second daughter was born 3 years after the alleged abortion, Dong stated that she "made a mistake." Although Dong contends that this discrepancy was too minor to form the basis of an adverse credibility determination, under the REAL ID Act, the IJ was entitled to rely on this contradiction. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

Having found that Dong's testimony was not credible, the IJ reasonably concluded that Dong failed to submit sufficient documentation to rehabilitate her testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). While Dong submitted a purported abor-

tion certificate, the IJ was entitled to grant it little weight given that it was unauthenticated and not issued contemporaneously with the abortion procedure. *Id.* at 342 (weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the IJ); *see also Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 263 (2d Cir.2007).

Dong's remaining challenges to the IJ's credibility determination are unexhausted, and we decline to consider them in the first instance. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1(b) (2d Cir.2007). "Considering the totality of the circumstances," substantial evidence supports the agency's adverse credibility finding. 8 U.S.C. § 1158(b)(1)(B)(iii). As a result, the IJ did not err in denying Dong's application for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (withholding of removal must fail when petitioner is unable to show objective likelihood of persecution needed to make out an asylum claim and the claims are based on the same factual predicate).

Because Dong did not raise her challenge to the IJ's denial of CAT relief before the agency, we lack jurisdiction to review the denial of such relief. *See Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).